

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Ernest Guinn
County Attorney
El Paso, Texas

Dear Sir:

        Opinion No O-3552
        Re: Delinquent Taxes on school land sale
         of which was forfeited and which was
         respurchased.

We have from the General Land Office a certificate showing the following
facts:

  That Section 32, Block 80, Township 1, Certificate 6961, T. & P.
  Ry. Co., 640 acres in El Paso County, was awarded October 4, 1924 to
  Sam O. Miller on application filed in the Land Office September 2, 1924
  to purchase said Section at $2.06 per acre without settlement, same
  having been classified as Mineral and Grazing and appraised at $2.00
  per acre;

  That Sam O. Miller conveyed said Section 32, with other land, to
  Felix P. Miller by instrument dated April 6, 1925;

  That the sale covering said Section 32 was forfeited July 1, 1927
  for non-payment of interest;

  That upon request and payment of the required fee said Section 32,
  as containing 640 acres, was reappraised September 18, 1927 by the
  Commissioner of the General Land Office at $2.00 per acre, and same
  was awarded December 30, 1927 to Felix P. Miller on application filed
  in the Land Office December 9, 1927 to repurchase said Section at
  $2.00 per acre under the provisions of Chapter 94 of an Act approved
  March 19, 1925;

  That said Section 32, as containing 640 acres of land in El Paso
  County, now stands on the records of the Land Office in the name of
  Felix P. Miller.

Taxes assessed against this land for the years 1926 to 1929 became delinquent
and have never been paid. You request our opinion in your letter of May 12,
1941, as to whether the present owner of said land must pay the taxes
assessed against said land prior to its repurchase in December , 1927. The

taxes concerned are those accruing for the year 1926 and 1927. It will be noticed that taxes for both of those years had been assessed against the land prior to the forfeiture on July 1,1927.

Article 5326, Revised Civil Statutes, reads in part as follows:

> If any portion of the interest on any sale should not be paid when due, the land shall be subject to forfeiture by the Commissioner entering on the wrapper containing the papers 'Land Forfeited,'' or words of similar import, with the date of such action and sign it officially, and thereupon the land and all payments shall be forfeited to the State, and the lands shall be offered for sale on a subsequent sale date. In any case where lands have been forfeited to the State for the non-payment of interest, the purchasers, or their vendees, may have their claims reinstated on their written request, by paying into the Treasury the full amount of interest due on such claim up to the date of reinstatement, provided that no rights of third persons may have intervened. In all such cases, the original obligations and penalties shall thereby become as binding as if no forfeiture had ever occurred. . . ."

In the case of Gerlach Mercantile Company v. State, 10 S. W. (2d) 1035, Writ of error refused, it was held that where state lands were forfeited for failure to pay interest and later repurchased under Article 5326a, Revised Civil Statutes, the tax liens due the State at the date of forfeiture would remain unimpaired and in full force and effect.

Our opinion follows that your question must be answered in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Glenn R. Lewis

By
    Glenn R. Lewis
    Assistant

GRL:db

APPROVED MAY 26, 1941

s/ GROVER SELLERS

FIRST ASSISTANT

ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY B. W. B. CHAIRMAN